FILED
2020 DEC 17 AM 8:47
CLERK
U.S. DISTRICT COURT

RECEIVED US Dist Court-UT
DEC 16 '20 PM03:23

**DAVID J. HOLDSWORTH (4052)**
Attorney for Plaintiff
9125 South Monroe Plaza Way, Suite C
Sandy, UT  84070
Telephone (801) 352-7701
Facsimile (801) 567-9960
david_holdsworth@hotmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | | |
|---|---|---|
| AYDEN TYLER HATCH a.k.a. SHATON TYLER HATCH, | : : : | **COMPLAINT** **(JURY TRIAL DEMANDED)** |
| Plaintiff, | : : | |
| v. | : : : | Case: 1:20-cv-00181 Assigned To : Jenkins, Bruce S. Assign. Date : 12/16/2020 Description: Hatch v. Sonny Perdue |
| SONNY PERDUE, SECRETARY, U.S. DEPARTMENT OF AGRICULTURE (FOREST SERVICE), AGENCY, | : : : | Civil No.: |
| Defendant. | : : | Hon. |

COMES NOW the Plaintiff, Ayden Tyler Hatch a.k.a. Shaton Tyler Hatch, complains of Defendant Sonny Perdue, Secretary, U.S. Department of Agriculture (Forest Service) (hereinafter sometimes referred to as the "Agency"), demands trial by jury, and as and for causes of action, alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended, for discrimination in employment.  Jurisdiction is

specifically conferred on this Court by 42 U.S.C. § 2000e (5). Equitable and other relief are also sought under 42 U.S.C. § 2000e (5) (g). Jurisdiction is also based on 28 U.S.C. §§ 1331, 1342 and 42 U.S.C. § 1981, *et seq.* Where employment discrimination is based on disability, jurisdiction is conferred by the Vocational Rehabilitation Act of 1973.

   2. The Court has jurisdiction of this case pursuant to federal question — namely, the interpretation and application of the Title VII of the Civil Rights Act, as amended, the Vocational Rehabilitation Act of 1973, and other federal statutory antidiscrimination laws.

   3. Venue in the federal district of Utah is proper in that the actions and decisions giving rise to the causes of action alleged herein occurred in the federal district of Utah.

## PARTIES

   4. Plaintiff Ayden Tyler Hatch is a citizen of the United States and a resident of the State of Utah.

   5. The Defendant Sonny Perdue is the Secretary of the U.S. Department of Agriculture (Forest Service), and authorized head of the U.S. Department of Agriculture. At all times relevant hereto, the U.S. Department of

Agriculture employed 15 or more employees and was an "employer" within the meaning of Title VII of the Civil Rights Act and the Vocational Rehabilitation Act.

## STATEMENT OF FACTS

6.      At all times relevant hereto, Mr. Hatch worked for the U.S. Department of Agriculture, U.S. Forest Service, at the Weber Basin Job Corps Center, in Ogden, Utah. He worked as a Social Services Assistant.

7.      Mr. Hatch is a veteran having served his country in the military in Afghanistan.

8.      During his employment, Mr. Hatch's supervisor was Aaron Ota, Assistant Shift Supervisor. His second-line supervisor was Pamela Livingston Lewis, Acting Residential Living Manager. In turn, Ms. Lewis reported to Donica Bigelow, Director of the Center.

9.      Mr. Hatch was hired in 2016.

10.     As new hire, Mr. Hatch was subject to a two-year probation period.

11.     Mr. Hatch alleges that, as a new hire, he was not provided with any formal training, management did not train him on how to handle a number of common situations.

12. Mr. Hatch went through his first year of the two-year probation period without any problems.

13. As Mr. Hatch progressed into his second year, he noticed that Ms. Lewis seemed to take a dislike to him. He alleges she disliked him because he was an individual with a disability by virtue of his military service and status as a veteran. Ms. Lewis began to bully and harass him.

14. In June 2017, he filed a Complaint alleging Ms. Lewis was harassing him. Mr. Hatch filed this Complaint with the MSPB's Office of Special Counsel.

15. Thus, in _____ 2017, Mr. Hatch filed a Complaint against Pamela Livingston Lewis in which he alleged harassment. Mr. Hatch's allegations included Ms. Lewis being overbearing, talking down to him, making demeaning comments, yelling at him, accusing him of not knowing how to do his job, accusing him of not doing his job, telling him he couldn't do anything right, correcting him in public, second-guessing and overruling his decisions regarding student punishment.

16. Management supposedly investigated Mr. Hatch's allegations of harassment, but refused to give the findings of that investigation to Mr. Hatch's representative.

4

17. Mr. Hatch alleges that, after he complained, Ms. Lewis treated him very differently and adversely compared to how she treated him before he complained.

18. Mr. Hatch alleges that, after he filed his Complaint, management became aware of the Complaint and, shortly thereafter, management decided to terminate his employment. Mr. Hatch alleges that Ms. Lewis went to his mother (who also works at the Job Corps Center) and complained that Mr. Hatch had "stabbed her in the back" by filing the Complaint.

19. Mr. Hatch alleges that Ms. Lewis then searched for and compiled a list of alleged SOP violations and submitted the information to her manager, Donica Bigelow.

20. On September 6, 2017, Mr. Hatch's management issued Mr. Hatch a Notice of Termination.

21. Mr. Hatch alleges the reasons which the Agency gave for the termination are pretextual and that the real, true and underlying reason for the termination was because of his involvement in protected activity and management's motive and plan to retaliate against him:

    (a)    Temporal proximity;

5

(b)     Management never involved Mr. Hatch's first-level supervisor, Aaron Ota, in asking Mr. Ota about Mr. Hatch's performance and never informed Mr. Ota that upper level management was terminating his employment;

(c)     Upper level management fired Mr. Hatch without providing him any advance notice, progressive discipline or placing him on a Performance Improvement Plan.  Mr. Hatch alleges he was never notified of the issues prior to management giving the Notice of Termination to him.  He alleges he never received any counseling regarding performance or conduct prior to the letter of termination;

(d)     Mr. Hatch alleges that, although the Agency could have provided but did not have to provide him with any progressive discipline, its standard practice was to provide all employees with notice of problems with their performance or conduct and the opportunity to improve and some reasonable period of time within which to improve and manifest any such improvement, before proceeding to terminate the employees;

(e)     Mr. Hatch alleges that, after she complained, management treated him differently than how it treated similarly situated coworkers who also allegedly violated SOP; management did not discipline them or terminate their

employment. Among such similarly situated employees, he identifies Andrea Johnson and Matt Hansen.

22. After receiving the September 6, 2017 Notice of Termination, Mr. Hatch filed an EEO Complaint, alleging the Agency had retaliated against him for engaging in protected activity.

23. The Agency forwarded Mr. Hatch's EEO Complaint to an independent third party who conducted an investigation and compiled a Report of Investigation ("ROI").

24. After receiving the ROI, Mr. Hatch requested a hearing.

25. The Administrative Law Judge assigned to the case concluded that Mr. Hatch had failed to show that the Complaint he had filed against Ms. Lewis with the MSPB's Office of Special Counsel constituted protected activity in the EEO sense and dismissed Mr. Hatch's EEO Complaint.

26. Mr. Hatch then appealed that decision of dismissal to Equal Employment Opportunity Commission's ("EEOC") Office of Federal Operations.

27. In an appellate decision, the OFO initially determined that the dismissal on the ground that Mr. Hatch did not engage in EEO protected activity may not have been appropriate and treated the Administrative Law Judge's decision as a summary judgment decision on the merits. The OFO found that there were not

genuine disputes as to material facts and that Mr. Hatch had failed to establish, by a preponderance of the evidence, that the reasons the Agency had articulated for the termination were a pretext for unlawful retaliation for having engaged in prior protected EEO activity and so the Commission affirmed the Administrative Law Judge's decision on other grounds.

28. Mr. Hatch requested reconsideration.

29. In a decision on the reconsideration dated October 1, 2020, the OFO determined that, to prevail, Mr. Hatch had to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law or would have a substantial impact on the policies, practices or operations of the Agency. The OFO found that Mr. Hatch's request for reconsideration had not satisfied that standard and so denied Mr. Hatch's request for reconsideration, thereby affirming the Administrative Law Judge's Decision and OFO's later affirmance on other grounds.

30. Said Decision on Request for Reconsideration notified Mr. Hatch of his right to file a civil action in an appropriate U.S. District Court within ninety (90) days from the date that he received the Decision.

31. The Decision stated:

> "For timeliness purposes, the Commission will presume that the decision was received within five (5) calendar days after it was made available to the parties."

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### DISCRIMINATION ON THE BASIS OF STATUS AS A VETERAN

32. Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 31 above as if alleged in full herein.

33. At all times relevant to this Complaint, Mr. Hatch was a veteran.

34. Mr. Hatch suffered an adverse employment action in that the Agency terminated his employment. The Agency did not have a good-faith basis to terminate Mr. Hatch: (a) as Mr. Hatch had received positive employment reviews; and (b) the reasons articulated by the Agency for the demotion were pretextual, false and/or exaggerated. The Agency has discriminated against Mr. Hatch because of his status as a veteran.

35. The Agency has a progressive discipline policy requiring management to provide counseling to an employee before being able to take adverse employment action against an employee. the Agency's Human Resources Department told Mr. Hatch that he must follow this policy when disciplining employees.

36. Mr. Hatch had an expectation and understanding and relied on the fact that the Agency had a policy of counseling employees before disciplining them. the Agency did not follow such policy in demoting Mr. Hatch because he had received no counselings prior to the demotion.

37. Mr. Hatch has been damaged by the Agency's unlawful discrimination on the basis of age in an amount to be proven more fully at trial.

## SECOND CAUSE OF ACTION
## DISCRIMINATION ON THE BASIS OF DISABILITY

38. Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 37 above as if alleged in full herein.

39. During the relevant time period, Mr. Hatch was an individuald with disabilities.

40. Mr. Hatch's disabilities substantially limited several of his major life activities and Mr. Hatch is a person with a disability under the Vocational Rehabilitation Act.

41. Ms. Lewis was aware of Mr. Hatch's condition and disability.

42. Ms. Lewis disciplined Mr. Hatch for work-place conduct while Mr. Hatch was disabled, without accommodating Mr. Hatch.

43. Ms. Lewis did this in spite of the fact that she knew that Mr. Hatch was disabled. the Agency has discriminated against Mr. Hatch on the basis of his disability by disciplining him and without offering him reasonable accommodation.

44. Mr. Hatch has been damaged by the Agency's unlawful discrimination on the basis of his disability in an amount to be more proven more fully at trial.

### THIRD CAUSE OF ACTION
### TERMINATION IN VIOLATION OF PUBLIC POLICY — RETALIATION

45. Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 44 above as if alleged in full herein.

46. As Mr. Hatch progressed into his second year, he noticed that Ms. Lewis seemed to take a dislike to him. He alleges she disliked him because he was an individual with a disability by virtue of his military service and status as a veteran. Ms. Lewis began to bully and harass him.

47. In June 2017, he filed a Complaint alleging Ms. Lewis was harassing him. Mr. Hatch filed this Complaint with the MSPB Office of Special Counsel.

48. When Mr. Hatch filed with the MSPB Office of Special Counsel, he advised the _____. In so doing, he was acting in support of clear and substantial public policies.

49. By terminating him for engaging in actions in compliance with and in furtherance of clear and substantial public policies, the Agency wrongfully terminating Mr. Hatch.

50. Mr. Hatch has been damaged by the Agency's wrongful termination in an amount to be proven more fully at trial.

## ~~THIRD~~ Fourth CAUSE OF ACTION
## TERMINATION IN VIOLATION OF PUBLIC POLICY — RETALIATION

51. Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 50 above as if alleged in full herein.

52. As Mr. Hatch progressed into his second year, he noticed that Ms. Lewis seemed to take a dislike to him. He alleges she disliked him because he was an individual who had engaged in protected EEO activity. Ms. Lewis began to bully and harass him.

53. In June 2017, he filed a Complaint alleging Ms. Lewis was harassing him. Mr. Hatch filed this Complaint with the MSPB Office of Special Counsel.

54. When Mr. Hatch filed with the MSPB Office of Special Counsel, he advised the _____. In so doing, he was acting in support of clear and substantial public policies.

55. By terminating him for engaging in actions in compliance with and in furtherance of clear and substantial public policies, the Agency wrongfully terminating Mr. Hatch.

56. Mr. Hatch has been damaged by the Agency's wrongful termination in an amount to be proven more fully at trial.

## IV. DAMAGES

57. Mr. Hatch alleges the Agency's actions and inactions have caused him various losses, injuries and other damages, including lost wages, lost benefits, emotional distress and damages to his employability.

## V. RELIEF REQUESTED

Accordingly, based on the above allegations, claims and damages, Petitioner requests the following relief, specifically an Order and Judgment:

1. Declaring that the Agency discriminated against Mr. Hatch on the basis of his veterans status and disability, in violation of the Title VII of the Civil Rights Act, the Vocational Rehabilitation Act;

2. Awarding Mr. Hatch "make whole" relief, including possible reinstatement, full training and fair evaluations of his performance;

3. Awarding Mr. Hatch lost wages and benefits from the time the Agency terminated Mr. Hatch until it reinstates him;

4. In lieu of reinstatement, awarding Mr. Hatch the lost wage and lost benefit differential from the time the Agency terminated Mr. Hatch

until Mr. Hatch secures comparable employment, or for a period of five years, whichever occurs first;

5. Awarding Mr. Hatch his reasonable attorney's fees and costs;

6. Awarding Mr. Hatch such other relief as may be just and equitable.

DATED this 16 day of December, 2020.

_/s/ David J. Holdsworth_
David J. Holdsworth
*Attorney for Plaintiff*